UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE M. L. S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:19-CV-05131-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to state specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error

is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 15, 2015, Plaintiff filed an application for SSI, and on February 26, 2015, Plaintiff filed an application for DIB. *See* Dkt. 6, Administrative Record ("AR") 15. In both applications, Plaintiff alleged disability beginning January 1, 1999. AR 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ Richard Geib held a hearing on November 28, 2017. AR 40-76. At the hearing, Plaintiff amended her alleged onset date of disability to April 1, 2015. *See* AR 15, 44-45, 49. In a decision dated January 31, 2018, the ALJ determined Plaintiff to be not disabled. AR 12-39. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to provide clear and convincing reasons to reject Plaintiff's subjective symptom testimony; and (2) assigning great weight to medical opinion evidence from Dr. Eugene Kester, M.D., yet failing to account for all parts of Dr. Kester's opinion. Dkt. 11, pp. 3-8. Plaintiff requests, due to the ALJ's purported errors, the Court remand this matter for an award of benefits. *Id.* at pp. 8-9.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I. Whether the ALJ provided specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony.**

Plaintiff argues the ALJ failed to provide any specific, clear and convincing reason to reject her subjective symptom testimony. Dkt. 11, pp. 4-9.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While Social Security Administration ("SSA") regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints – which use the term "credibility" – are still applicable.[1] *See* Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

At the hearing, Plaintiff testified that there are days she can "hardly get out of bed" due to back pain. AR 51-52. She reported that sleeping worsens her back pain. AR 57. On a scale of zero to ten, with ten being the worst pain, Plaintiff stated her back pain is typically between 7

---

[1] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court uses the terms "credibility" and "subjective symptom testimony" interchangeably.

and 10, and sometimes at a 10 after sleeping. AR 57. Plaintiff rated her neck pain at a 6 or 7. AR 57. Due to her pain, she is unable to lift her three-year-old grandson. AR 52.

Plaintiff's knees sometimes buckle, and her neck "gets very stiff and sore" such that it limits her range of motion. AR 54; *see also* AR 307, 352. Plaintiff testified that her hands get swollen and/or stiffen a couple times a week, which make it difficult to grip or lift items, make a fist, and tie her shoes. AR 62. Plaintiff has trouble sleeping at least two nights per week due to back pain and acid reflux. *See* AR 61. As a result, she takes daytime naps at least four times per week, for about one hour at a time. AR 61. In addition, Plaintiff stated that she experiences flares of irritable bowel syndrome ("IBS") lasting from a couple hours up to all-day.

Plaintiff reported that she began going to the gym because one of her physicians recommended it, but she is limited in the activities she can perform and easily overexerts herself. *See* AR 53-54. Plaintiff also stated that she joined a bowling league on the advice of one of her counselors. AR 53. While the bowling league takes place once per week, she misses one or two sessions per month due to problems with her back and neck. AR 55. Additionally, Plaintiff currently works 14 hours per week at a convenient store. AR 55-56. She testified that after working, she needs a "recovery day at home" with minimal activities. *See* AR 56. Moreover, Plaintiff reported that she is unable to vacuum – because it causes burning and soreness in her shoulders – and she cannot do laundry because she cannot reach the washing machine and bending causes back pain. AR 57-58; *see also* AR 302. Further, Plaintiff's boyfriend goes grocery shopping with her so he can carry bags because of discomfort in her back and shoulders. AR 58.

With respect to her mental functioning, Plaintiff testified that she does not believe her medications are working anymore. AR 58. Her mental health fluctuates "from being really high

to low, or somewhere in the middle." AR 58-59. Plaintiff feels low a couple times a week, during which she feels depressed and wants to "hide in [her] house" or else she gets "snappy" with people "for no reason." AR 59. She reported that, other than her bowling league, she does not get out due to depression, pain, and IBS. AR 59-60. Plaintiff testified that she has problems with attention and focus. AR 60-61. For example, she reported that she cannot stay focused long while reading. AR 61.

In function reports, Plaintiff similarly reported that she is unable to work due to pain. *See* AR 300, 345. While she wrote that her daily activities depend on her pain level, on a typical day she takes medications, may take her son to work, eats, goes outside to watch her dogs play, runs errands, and takes naps. AR 301; *see also* AR 346. Her pain affects her ability to sleep, dress, care for her hair, and use the toilet. *See* AR 301, 346. Plaintiff reported that she needs reminders to change her clothes, brush her hair and teeth, and take her medications. AR 302, 347. Moreover, she does not drive much anymore due to back pain and occasional leg numbness. AR 303, 348. Plaintiff stated that her social activities include playing games, watching television, talking, and going for a drive. AR 304. However, she does not go out as much as she used to because of her conditions. AR 305; *see also* AR 346

Plaintiff believes that her conditions affect her memory and concentration, as well as her ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs. *See* AR 305, 350. She wrote that she can lift about 10-15 pounds, and can walk "maybe ½ mile to 1 mile" before needing to stop and rest for 15 to 20 minutes. *See* AR 305, 350. Plaintiff reported she can follow written instructions "pretty well" but if she is given spoken instructions, she may need to ask questions or have instructions explained to her more than one time. AR 305. In all, Plaintiff reported that her pain fluctuates, and on some days, she hurts so much that it is "hard to move."

AR 307. The fluctuating nature of her pain makes it difficult to make plans. AR 307. Additionally, her physical conditions affect her mental health, causing her to "feel sad" because she cannot do things she used to do. AR 307.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms[.]" AR 27. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 18. Specifically, the ALJ discounted Plaintiff's subjective symptom testimony because he found (1) Plaintiff made inconsistent statements about her hand limitations; (2) Plaintiff's activities are inconsistent with her hand problems; (3) Plaintiff's IBS improved with treatment; (4) Plaintiff's activities are inconsistent with her allegations about IBS; and (5) Plaintiff made inconsistent statements about her ability to lift. AR 27-28.

First, the ALJ remarked that while Plaintiff testified at the hearing that she has difficulty using her hands, she denied having difficulty using her hands in her function reports. AR 27 (citing AR 305, 350). An ALJ may consider prior inconsistent statements concerning symptoms and "other testimony by [plaintiff] that appears less than candid in weighing plaintiff's credibility." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted). Here, as the ALJ noted, Plaintiff testified at the hearing that her hands sometimes get swollen and stiff which make them difficult to use, while in her function reports, Plaintiff did not check boxes indicating that her conditions affect her ability to use her hands. *See* AR 62 305, 350. Yet on other disability forms, Plaintiff reported that hand swelling, among other conditions, limits her ability to work. *See, e.g.*, AR 77, 89, 103-04, 118-19, 283. Further, Plaintiff reported hand swelling and stiffness, as well as finger numbness and tingling, on multiple occasions throughout the medical record. *See, e.g.*, AR

390, 415-16, 255, 458, 501, 506. Hence, on this longitudinal record, in which Plaintiff regularly reported and alleged disability due to hand problems, the Court finds Plaintiff not checking boxes on the function reports about her hands is not a clear and convincing reason to discount her testimony.

Second, the ALJ rejected Plaintiff's subjective symptom testimony because he found her activities inconsistent with her allegations of hand problems. AR 27. Specifically, the ALJ remarked:

> [Plaintiff] testified her hands become swollen twice a week, making it hard to grip objects and make a fist. Symptoms persist for a day or two. Despite this alleged problem, the claimant testified she bowls every week. She reported no difficulty gripping the bowling ball. She smokes cigarettes, which requires fine manipulation and grasping ability. She washes dishes. She waters plants. She works at a convenience store. . . . She was smoking 10 cigarettes a day in 2017. Her physical therapist noted she can lift a 25-pound kettle ball. She goes fishing. Fishing generally requires a person to use her hands to bait the hook, hold the rod, and use the reel.

AR 27 (citations omitted).

The Ninth Circuit has recognized two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ alluded to the first ground by indicating Plaintiff's activities are inconsistent with her allegations of hand problems. *See* AR 27. But, the ALJ's finding lacks support from substantial evidence in the record in multiple ways. Plaintiff testified that her hands swell and stiffen "a couple times a week." AR 62. She reported that when her hands are swollen or stiff, she experiences limitations, such that it is difficult to grip or lift items. AR 62. Given that Plaintiff testified her hand problems fluctuate over a week, the activities the ALJ listed are not necessarily inconsistent with her testimony about

her hands. For example, Plaintiff's testimony does not indicate whether she performs these activities when her hands are swollen or stiff. *See* AR 62.

Further, contrary to the ALJ's finding, Plaintiff testified that while her bowling league takes place every week, she misses one or two sessions per month. *See* AR 55. Hence, the record does not support the ALJ's finding that Plaintiff "bowls every week." Additionally, the ALJ, in noting that Plaintiff smoke cigarettes, cited a mental health treatment note in which Plaintiff reported smoking "about a half pack of cigarettes per day." AR 692. This record briefly mentions smoking and does not indicate, as the ALJ found, that smoking requires Plaintiff to grasp or manipulate in the same manner she finds difficult when she experiences hand swelling and stiffness. Likewise, though the ALJ remarked that Plaintiff "goes fishing" and this "generally requires a person to use her hands," substantial evidence again fails to support the ALJ's determination. The record the ALJ cited indicates Plaintiff's mental health counselor encouraged her to "[c]ontinue going . . . fishing," among other activities, to "help reduce her depression." AR 664. This brief note contains no details on how often Plaintiff went fishing, or the manipulative activities that she engages in while fishing, such that the Court can determine whether fishing is inconsistent with Plaintiff's hand allegations. Moreover, considering that Plaintiff's hand symptoms wax and wane, the treatment note does not indicate that Plaintiff goes fishing even when she experiences problems with her hands. Therefore, the ALJ's findings about these activities lack support from substantial evidence in the record.

The Court also notes that in discounting Plaintiff's testimony, the ALJ cited activities such as bowling, washing dishes, watering plants, and fishing. Discrediting Plaintiff for these activities goes against the principle that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *See Reddick v. Chater*, 157 F.3d

715, 722 (9th Cir. 1998); *see also McClain v. Halter*, 10 Fed. Appx. 433, 437 (9th Cir. 2001) (evidence that Plaintiff could "socialize or perform some household chores is not determinative of disability"); *Wood v. Comm'r of Soc. Sec. Admin.*, 187 F.3d 651, at *1 (9th Cir. 1999) (ALJ erred in finding Plaintiff's pain testimony inconsistent with her ability to dust, grocery shop, fish, and sew because Plaintiff "seemed to be severely limited in her capacity to do so"). Accordingly, the ALJ's assertion that Plaintiff's daily activities are inconsistent with her hand allegations is not a clear and convincing reason, supported by substantial evidence, to discount her testimony.

Third, the ALJ discounted Plaintiff's subjective symptom testimony because he found Plaintiff's IBS improved with treatment. AR 28. Impairments that can be controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted). In this case, the ALJ determined that while the "evidence supports some bowel issues, it also shows they are treatable with Imodium or Metamucil in addition to behavioral and dietary changes." AR 28. The records the ALJ cited, though, do not support his finding. At most, the records show Plaintiff uses Imodium and Metamucil when she experiences IBS symptoms. *See* AR 638. Her medical provider also advised her to make behavioral and dietary changes. *See* AR 640. Notably, the records do not show Plaintiff's IBS symptoms improved with treatment. Rather, they indicate Plaintiff continued to experience symptoms. *See, e.g.*, AR 638 ("She reports 0-1 bowel movements a day. . . . She never knows if she will be constipated or have diarrhea."). As such, the ALJ's finding that Plaintiff's IBS is managed with treatment is not supported by the record. *See Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Fourth, the ALJ determined Plaintiff's activities are inconsistent with her IBS allegations. AR 28. The ALJ remarked:

> In October 2017, despite bowel issues, the claimant stated she was busy working and helping her family. . . . Despite alleged irritable bowel syndrome, she was continuing to go for walks, fish, and bowl. Her willingness to go for walk [sic] and fish, in particular, does not suggest a need to be close to a restroom.

AR 28.

As stated above, an ALJ may reject a claimant's subjective symptom testimony if he properly finds her activities contradict her allegations. *See Orn*, 495 F.3d at 639. Yet in this instance, the ALJ failed to explain how any of the activities he described undermine particular limitations to which Plaintiff testified. *See* AR 28. For instance, though the ALJ noted Plaintiff reported she was "busy working and helping her family," he did not explain how this undermines her IBS allegations. *See* AR 28. Moreover, the ALJ reasoned that Plaintiff's "willingness" to go for walks and fish "does not suggest a need to be close to a restroom." AR 28. However, the ALJ failed to cite anything in the record to support his determinations about Plaintiff's walking and fishing. The records Defendant cited to support the ALJ's finding indicate Plaintiff's counselor encouraged her to continue walking and fishing, though they do not show whether or how often Plaintiff engaged in these activities, or that she was not near a restroom when she went for walks or went fishing. *See* Dkt. 15, p. 10 (citing AR 664, 683). Given the ALJ's lack of explanation and supporting record, the Court finds the ALJ's reliance on Plaintiff's activities not clear and convincing to reject her testimony.

Fifth, the ALJ noted that while Plaintiff reported she can lift 10 pounds in a function report, she told a physical therapist she can lift 25 pounds. AR 28. Nonetheless, the ALJ failed to provide any explanation as to how this discrepancy undermines Plaintiff's testimony. *See* AR 28. Thus, the Court finds this reason not sufficient to undermine Plaintiff's allegations. *See*

*Dodrill*, 12 F.3d at 917 (to discount a claimant's testimony, an ALJ "must state which testimony is not credible and what evidence suggests the complaints are not credible"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Defendant argues the ALJ also discounted Plaintiff's testimony in light of the objective medical evidence and limited medical treatment. Dkt. 15, pp. 6-8 (citing AR 25-27). Yet the ALJ did not state he found Plaintiff's allegations incredible due to the objective medical evidence or limited treatment, but instead merely summarized the medical evidence. *See* AR 25-28. "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ here did not expressly find Plaintiff's testimony inconsistent with the medical evidence or her treatment record. *See* AR 25-28. To the contrary, the ALJ noted that "[o]bjective findings support some level of functional limitations caused by physical and psychiatric impairment[s]." *See* AR 26. Further, even if the ALJ intended to discount Plaintiff's testimony on this basis, he failed to identify *which* testimony is not credible and *what* evidence suggests Plaintiff's complaints are not credible. *See Dodrill*, 12 F.3d at 917. As the ALJ did not expressly reject Plaintiff's testimony due to the objective medical evidence or limited treatment, Defendant's *post hoc* argument is unpersuasive.

For the above stated reasons, the Court finds the ALJ failed to provide any specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1105, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Plaintiff testified to greater limitations than those included in the RFC determination and hypothetical questions posed to the vocational expert ("VE"). For example, Plaintiff testified to back pain and a limited range of motion in her neck. *See* AR 51, 57, 61, 305, 350. The RFC and hypothetical questions posed to the VE found Plaintiff can perform medium work and contained some postural limitations, though these items may have further limited Plaintiff had the ALJ properly considered her testimony. *See* AR 24, 67-69. Plaintiff also reported that the fluctuating nature of her pain makes it difficult to plan ahead, which reflects a propensity for absenteeism. *See* AR 307. The RFC and hypothetical questions posed to the VE, however, did not include that Plaintiff would be absent from work. AR 24, 67-69. Hence, had the ALJ properly considered Plaintiff's subjective symptom testimony, he may have included additional limitations in the RFC and in the hypothetical questions posed to the VE. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**II.     Whether the ALJ properly considered Dr. Kester's medical opinion.**

Next, Plaintiff contends the ALJ erred by giving great weight to Dr. Kester's opinion yet failing to include all parts of Dr. Kester's opinion in the RFC. Dkt. 11, pp. 3-4.

The Court has determined the ALJ committed harmful error in his assessment of Plaintiff's subjective symptom, and thus, this matter is being remanded. *See* Section I., *supra*. As such, the Court need not determine whether the ALJ erred in his assessment of Dr. Kester's medical opinion. However, on remand, the ALJ shall provide a full explanation of his consideration of Dr. Kester's opinion and account for or reject all parts of this opinion.

**III.     Whether an award of benefits is appropriate.**

Lastly, Plaintiff requests the Court remand her claim for an award of benefits. *See* Dkt. 11.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has directed the ALJ to re-evaluate Plaintiff's subjective symptom testimony and Dr. Kester's opinion on remand. Because outstanding issues remain regarding Plaintiff's testimony, the medical opinion evidence, the RFC, and Plaintiff's ability to perform jobs

existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 13th day of August, 2019.

_____
David W. Christel
United States Magistrate Judge